NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>HUDSON'S COFFEE, INC.,<br><br>Debtor.<br><br>ARMENIA COFFEE CORP.,<br><br>Appellant,<br><br>v.<br><br>STACEY L. MEISEL, Chapter 7 Trustee of the Estate of Hudson's Coffee, Inc., and FOURTEEN FLORENCE STREET CORP., MECCA & SON TRUCKING CO. and HELEN MECCA,<br><br>Appellees. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 08-CV-5133 (DMC)<br><br>On Appeal of Order in:<br>*Adversary Pro. No.* 06-1458 (NLW)<br>*Bankruptcy Case No.* 05-60470 (NLW)<br>Chapter 7<br>Sat Below: Hon. Novalyn L. Winfield |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon appeal by Armenia Coffee Corp. ("Armenia" or "Appellant") from an Order entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") on September 17, 2008 approving a settlement made by the Chapter 7 Trustee with a group of creditors in the bankruptcy case. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons stated below, the Bankruptcy Court's Order is **affirmed**, and Armenia's appeal is **denied**.

**I.    BACKGROUND**

This appeal arises out of the Bankruptcy Court's approval of a settlement agreement between

the Trustee and Fourteen Florence Street Corp., Mecca & Son Trucking Co. and Helen Mecca (collectively, the "Mecca Entities"). Armenia challenges the Bankruptcy Court's approval of the settlement on the grounds that, essentially, the Bankruptcy Court failed to properly analyze the settlement, and that it did not properly consider the interests of the other creditors.

The origins of this case relate back to the December 7, 2004 filing of a complaint by the Mecca Entities against Hudson's Coffee, Inc. (the "Debtor") and other defendants in the Superior Court of New Jersey (the "state court action"). The complaint in the state court action alleged eighteen claims, including, *inter alia*, fraudulent transfers, breach of fiduciary duty, theft of corporate opportunities, breach of contract, breach of lease, and conversion of the Debtor's assets.

On November 28, 2006, the Debtor filed for Chapter 7 bankruptcy protection, and a Trustee was appointed soon thereafter. In February 2006, the Trustee removed the state court action to federal court, and the action was promptly referred to the Bankruptcy Court. A motion to intervene and remand the case to state court was brought by the Mecca Entities and opposed by both the Trustee and Armenia. In an Order dated May 22, 2007, the Bankruptcy Court granted the Mecca Entities' request to intervene as co-plaintiffs, denied without prejudice their request for remand, and granted the Trustee leave to amend the complaint. The Trustee then filed a First Amended Complaint on June 22, 2007, asserting, *inter alia*, cross-claims against the Mecca Entities for the recovery of alleged fraudulent transfers and the disallowance of certain claims filed by the Mecca Entities.

After reaching a preliminary agreement, the Trustee filed a motion with the Bankruptcy Court on July 8, 2008 seeking approval of a settlement agreement with the Mecca Entities. The original terms of the settlement called for: (i) an exchange of releases between the Trustee and the Mecca

2

Entities; (ii) payment of $45,000 to the Trustee by the Mecca Entities to settle all claims asserted by the Trustee; (iii) acquisition by the Mecca Entities of certain filed claims for a capped amount of $20,000; and (iv) derivative standing conferred upon the Mecca Entities to prosecute all claims asserted by the Trustee in the First Amended Complaint.

The Trustee's motion was initially objected to by both Armenia and the Bankruptcy Court. Hearings were held on September 2 and September 16, 2008. The settlement terms were revised in response to the Bankruptcy Court's concerns regarding derivative standing, and a final version was approved by the Bankruptcy Court on September 17. Armenia filed notice of appeal on September 23, and soon thereafter filed a motion with the Bankruptcy Court to stay the effect of its September 17 Order pending appeal to the District Court. This request was denied by the Bankruptcy Court on October 31. Armenia then filed an emergent motion in this Court seeking to stay the effect of the September 17 Order, but that request was also denied on January 13, 2009.

**II.     JURISDICTION**

The Court has jurisdiction over Armenia's appeal pursuant to 28 U.S.C. § 158(a), which provides for appellate jurisdiction in the district courts over "final judgments, orders, and decrees" of the United States Bankruptcy Court. See also Fed. R. Bankr. P. 8001(a). This matter is the appeal of the Order of the United States Bankruptcy Court for the District of New Jersey dated September 17, 2008.

**III.    STANDARD OF REVIEW**

Bankruptcy Rule 8013 provides that a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*. See In

re Sharon Steel Corp., 871 F.2d 1217, 1222–23 (3d Cir. 1989); In re Morrissey, 717 F.2d 100, 104 (3d Cir. 1983).  An abuse of discretion standard applies where the Bankruptcy Court has exercised discretion in making its determination, such as in approving a proposed settlement.  See Hopkins v. McDonnell, 2006 WL 2241646, *2 (D.N.J. Aug. 4, 2006); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).  This standard is "at root a deferential standard of review," and the district court "should not disturb an exercise of discretion unless there is a definite and firm conviction that the [bankruptcy] court . . . committed clear error of judgment in the conclusion it reached upon weighing the relevant factors."  See In re Nutraquest, Inc., 434 F.3d 639, 645 (3d Cir. 2006).  Simply put, a finding that the Bankruptcy Court abused its discretion "must rest on a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."  Id.

**IV.    DISCUSSION**

Before the Court is Armenia's appeal of the Bankruptcy Court's Order approving the settlement agreement between the Trustee and the Mecca Entities.  Armenia argues that the Bankruptcy Court's Order must be overturned because: (1) the Bankruptcy Court failed to properly analyze the settlement under the appropriate legal standards; (2) the Bankruptcy Court erred in permitting the Trustee to withdraw the First Amended Complaint; and (3) the Bankruptcy Court erred in approving the remand of the "superseded" state court action.  Because the Court finds that the Bankruptcy Court properly analyzed the settlement agreement under the analytical framework established in Martin and TMT Trailer, however, and because the Court finds that the Bankruptcy Court did not otherwise err, Armenia's appeal is denied.

Rule 9019 grants to the Bankruptcy Court the authority to "approve a compromise or

4

settlement" on motion by the bankruptcy trustee. See Nutraquest, 434 F.3d at 644. While settlements are favored by the courts, the unique nature of the bankruptcy process means that settlements must nonetheless be carefully examined before being approved. See id. Indeed, the Bankruptcy Court has a responsibility to determine whether the settlement is "fair and equitable" and "in the best interests of the estate." See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968). Accordingly, courts faced with a proposed settlement must consider: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and (4) the paramount interest of the creditors." See Martin, 91 F.3d at 393. Courts must also consider "all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." See TMT Trailer, 390 U.S. at 424.

  A. *Analysis under* Martin *and* TMT Trailer

Armenia first raises several arguments in support of its claim that the balancing of the applicable legal standards weighed against the Bankruptcy Court's approving the settlement. Specifically, and in addition to arguing that the Bankruptcy Court did not apply the Martin factors at all, Armenia alleges that the Bankruptcy Court: (1) failed to recognize that the settlement discriminated among creditors; (2) improperly analyzed the merits of the fraudulent conveyance claims; and (3) failed to consider the policy implications of settling the fraudulent conveyance claims. The Court disagrees. Review of the hearing transcripts as well as the Bankruptcy Court's stay opinion make clear both that the Bankruptcy Court properly applied and analyzed the settlement under Martin, and, more importantly, that it did not abuse its discretion in finding that, "[o]n balance,

5

[the] settlement benefits the estate."

Although the Bankruptcy Court did not explicitly tie its findings to the Martin factors until its stay opinion, review of the hearing transcripts and the stay opinion make clear that the Bankruptcy Court properly applied and analyzed the settlement under the Martin and TMT Trailer framework. With respect to the likelihood of success, for example, the Court entertained Armenia's argument that the Trustee was not adequately informed of the merits, but nonetheless found that the prospects for recovering the transfers were uncertain because the Mecca Entities "had colorable defenses" that they intended to "vigorously press." Similarly, with respect to the second Martin factor, the Court noted the uncertainties surrounding the "easy collection" of any recovery. The Court also spent significant time discussing the complexities of the litigation, highlighting, *inter alia*, the number of parties, the various theories of recovery, and the factual record required to support those theories. The Court also noted the limited assets of the estate, and the expense likely to accompany what was anticipated to be protracted litigation. Finally, the Bankruptcy Court spent significant time during two hearings discussing the effect that the settlement would have on the other creditors, eventually concluding that the settlement sufficiently compensated the other creditors while leaving them in roughly the same position, and with the same rights, as they possessed prior to the bankruptcy proceedings. Taken as a whole, the Bankruptcy Court agreed with the Trustee's assessment that "the result will not match the effort to litigate [the case] to conclusion," and determined that, "[o]n balance, [the] settlement benefits the estate."

The Court finds that the Bankruptcy Court's approval of the settlement properly followed the appropriate criteria under Martin and TMT Trailer and did not constitute an abuse of discretion. The

Bankruptcy Court properly considered the likelihood of success on the merits, difficulties in recovery, the various complexities involved, and the interests of the other creditors. While Armenia may disagree with the outcome, the Court sees no basis for finding that the Bankruptcy Court committed "clear error of judgment in the conclusion it reached upon weighing the relevant factors." See Nutraquest, 434 F.3d at 645. Accordingly, Armenia's appeal on this ground is denied.

B.   *Withdrawal of the First Amended Complaint*

Armenia next argues that the Bankruptcy Court erred when it allowed the Trustee to withdraw the First Amended Complaint. Armenia disagrees with the Bankruptcy Court's authorizing the withdrawal of the First Amended Complaint because it effectively resulted in a dismissal of the Complaint without consideration of the alleged prejudice to Armenia, thereby "thwarting" the purpose of Fed. R. Civ. P. 41(a). The Court disagrees. Rule 41(a)(2) permits dismissal by court order "on terms that the court considers proper." Here, the Bankruptcy Court permitted the Trustee to withdraw the First Amended Complaint by oral order after spending significant time during two hearings considering the potentially prejudicial effects of the settlement on the parties. In making its decision, the Court specifically determined that the other parties would not be prejudiced because they would retain all of their rights. Accordingly, because Rule 41 permits voluntary dismissal upon court order, and because the Bankruptcy Court properly considered the potential prejudice that withdrawal could have on Armenia, the Court finds no error in the Bankruptcy Court's Order.

C.   *Remand of the Original State Court Complaint*

Nor did the Bankruptcy Court err in remanding the original state court complaint back to

state court. Armenia complains that remand of the state court complaint was improper because that complaint had allegedly been superseded by the First Amended Complaint and was no longer viable. Again, the Court disagrees. Armenia is correct in that, typically, an amended complaint supersedes a prior pleading. See, e.g., Johnson v. Dossey, 515 F.3d 778, 780 (7th Cir. 2008). Here, however, the situation is somewhat atypical, because the alleged "superseding complaint" was filed by the Trustee on behalf of the Debtor's Estate, whereas the state court complaint was filed by the Mecca Entities against, among others, the Debtor. Because the interests of the Trustee and the Mecca Entities are not completely aligned, it is difficult to justify stripping the Mecca Entities of their claims merely because the Debtor filed for bankruptcy, and the Trustee filed a complaint on behalf of the Estate. In any event, Armenia does not provide any cases in which a removed complaint filed by one party was superseded by the filing of a Trustee's complaint in Bankruptcy Court, and the Court is unable to otherwise identify any. Accordingly, because the Court finds that the Bankruptcy Court did not err in remanding the Mecca Entities' original state court complaint back to state court, Armenia's appeal on this ground is denied.

Additionally, the Court finds that Armenia's claim that the Bankruptcy Court failed to evaluate the remaining claims to determine whether they were "particularized" to the Mecca Entities or "core" claims belonging in Bankruptcy Court is without merit. The Bankruptcy Court addressed this issue both during the hearings as well as in its stay opinion, and found that remand of the remaining claims to state court was proper. Accordingly, because the Court finds that the Bankruptcy Court's remand of the state court complaint was not in error, Armenia's appeal on this ground is also denied.

8

**V.** <u>CONCLUSION</u>

  For the reasons stated, the Bankruptcy Court's Order is **affirmed**, and Armenia's appeal is **denied**. An appropriate Order accompanies this Opinion.

                  <u>S/ Dennis M.Cavanaugh</u>
                  Dennis M. Cavanaugh, U.S.D.J.

Date:   June <u> 22 </u>, 2009
Orig.:   Clerk
cc:    Counsel of Record
     File

9